## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Ohio Legal Rights Service | : | |
| 50 West Broad St., Suite 1400 | : | |
| Columbus, OH 43215 | : | |
| | : | Case no.:  3:10-cv-2352 |
| Plaintiff | : | |
| | : | |
| -vs- | : | |
| | : | Judge: |
| Liberty Nursing Center of Toledo, Inc. | : | |
| 2005 Ashland Ave. | : | |
| Toledo, OH 43620 | : | |
| | : | |
| and | : | |
| | : | |
| Kim Dunlap, Administrator | : | |
| Liberty Nursing Center of Toledo, Inc. | : | |
| 2005 Ashland Ave. | : | |
| Toledo, OH 43620 | : | |
| | : | |
| Defendants | : | |

## COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

### NATURE OF THE ACTION

1. This action seeks declaratory and injunctive relief against Defendant Liberty Nursing Center of Toledo, Inc. and Defendant Kim Dunlap, the nursing home's administrator, because of their refusal to provide Plaintiff Ohio Legal Rights Service ("Plaintiff") with access to the records of an individual with a mental illness, who had filed a complaint with Plaintiff and requested its assistance.  Plaintiff is the protection and advocacy system created by Congress and the Ohio General Assembly to protect and advocate the rights of people with mental illness and, pursuant to state and federal law, has access to the records it has requested.

## JURISDICTION AND VENUE

2. This court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendants reside in this district and the events or omissions giving rise to Plaintiff's Complaint occurred in this district.

## PARTIES

3. Plaintiff is an agency of the state of Ohio and is chartered by statute at R.C. 5123.60.

4. Plaintiff is designated by the Governor of the State of Ohio as the protection and advocacy system for individuals with mental illness pursuant to 42 U.S.C. § 10801, *et seq.*

5. Plaintiff is obligated by federal and state law to protect and advocate the rights of individuals with mental illness and to assure that all persons who are institutionalized are fully informed of their rights and adequately represented by counsel in any proceedings to secure such rights. See 42 U.S.C. § 10801, *et seq.*; R.C. § 5123.60(A).

6. Under 42 U.S.C. § 10805(a)(1)(B), Plaintiff has the authority to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in Ohio.

7. Defendant Liberty Nursing Center of Toledo is a private nursing facility located at 2005 Ashland Avenue, Toledo, OH 43620 and is licensed by the Ohio Department of Mental Health to provide mental health services to its residents with mental illness.

8. Defendant Liberty Nursing Center of Toledo is a "facility" under 42 U.S.C. § 10802(3).

9. Defendant Liberty Nursing Center of Toledo is a corporation for profit created under and governed by the laws of the State of Ohio.

10. Defendant Kim Dunlap is the administrator of Defendant Liberty Nursing Center of Toledo, and she is sued in her capacity as its administrator.

## FACTS

11. On or about August 30, 2010, Y.N., who, upon information and belief, is a person with a mental illness, contacted Plaintiff's intake unit to file a complaint because she had been assigned a new guardian on August 11, 2010 and had been placed at Defendant Liberty Nursing Center of Toledo the following day.

12. At this time, Y.N. stated that she had attempted to contact her new guardian on several occasions but was unsuccessful, and she was unsure why she had been placed at Defendant Liberty Nursing Center of Toledo. She had a surgery scheduled less than a month later and requested that Plaintiff assist her so that she could leave Defendant Liberty Nursing Center of Toledo before such time. She stated that her doctor had also expressed that he was uncertain why she had been placed at Defendant Liberty Nursing Center of Toledo.

13. On or about September 3, 2010, Y.N.'s case was assigned to Kevin J. Truitt, a staff attorney employed by Plaintiff, to investigate her complaint.

14. On or about September 9, 2010, Mr. Truitt contacted Y.N., who informed him that her guardian's name is Dan M. Weiss ("Guardian"), an attorney in Perrysburg, Ohio. Y.N. stated to Mr. Truitt that she did not know why she was placed at Defendant Liberty Nursing Center of Toledo, that she wished to return to her residence in the community as soon as possible, and that her guardian would not return any of her phone calls.

15. Mr. Truitt left two voicemails for the Guardian, one on September 9, 2010 and another on September 15, 2010, but received no response.

16. On or about September 23, 2010, Mr. Truitt traveled to Defendant Liberty Nursing Center of Toledo to meet with Y.N.

17. During this visit, Y.N. explained to Mr. Truitt that she had previously resided at Northwest Ohio Psychiatric Hospital. She also mentioned that, because of her physical condition, she only had a couple of months more to live and that she wished to be discharged from Defendant Liberty Nursing Center of Toledo.

18. Mr. Truitt obtained verbal consent from Y.N. to review her records at Defendant Liberty Nursing Center of Toledo, which she then communicated to its staff.

19. However, Defendants insisted that the Guardian's consent was needed, despite Mr. Truitt's objections.

20. When contacted, the Guardian declined to allow Mr. Truitt access to her records.

21. Defendants consequently refused Mr. Truitt access to Y.N.'s records, despite her verbal consent.

22. On or about September 24, 2010, Mr. Truitt sent a letter to the Guardian, explaining that Y.N. had recently filed a complaint with Plaintiff, and that she had not spoken with the Guardian since he had been appointed. Mr. Truitt indicated that he had traveled to Defendant Liberty Nursing Center of Toledo the previous day to meet with Y.N. but was unable to obtain any information. In the letter, Mr. Truitt requested that the Guardian contact him at his earliest convenience, but he received no response.

23. On September 30, 2010, Plaintiff's chief legal counsel sent a letter to Defendant Kim Dunlap, informing her that Mr. Truitt had been denied access to the records of Y.N., despite her consent. The letter described the legal authority which provides Plaintiff access

24. The Wood County Probate Court Judgment Entry dated August 11, 2010 indicated that the Guardian was appointed by reason of Y.N.'s "severe mental and physical health problems."

25. Y.N. currently remains at Defendant Liberty Nursing Center of Toledo, without any knowledge of the reason for her placement there or when she will be discharged and with no expectation that she will speak to the Guardian in the foreseeable future.

### FIRST CAUSE OF ACTION
### ACCESS TO RECORDS; PROTECTION AND ADVOCACY
### FOR MENTALLY ILL INDIVIDUALS ACT
### 42 U.S.C. § 10805

26. Plaintiff incorporates paragraphs 1 through 25 of this Complaint in this paragraph as if rewritten herein.

27. Under 42 U.S.C. § 10805(a)(4)(A), Plaintiff has access to all records of an individual who is a client of the system and who authorizes it to have such access.

28. Under 42 U.S.C. § 10805(a)(4)(C), Plaintiff has access to all records of an individual with mental illness who has a legal guardian when a complaint has been received by the system or there is probable cause to believe the health or safety of the individual is in serious and immediate jeopardy; the system has contacted the legal guardian and offered assistance to resolve the situation; and the legal guardian has failed or refused to act on behalf of the individual.

29. 42 C.F.R. § 5141(c) describes information and individual records, whether written or in another medium, draft of final, including handwritten notes, electronic files, photographs or video or audio tape records, which must be available to Plaintiff under 42 U.S.C. § 10805, as including, but not limited to, information and individual records, obtained in the course of providing intake, assessment, evaluation, supportive and other services, including medical records, financial records, and reports prepared or received by a member of the staff of a facility or program rendering care or treatment, as well as discharge planning records.

30. 42 C.F.R. § 5141(a) provides that access to records shall be extended promptly to Plaintiff and its authorized agents.

31. Defendants refused to provide Plaintiff access to Y.N.'s records, despite her authorization to allow Plaintiff to have such access.

32. Defendants have therefore violated 42 U.S.C. § 10805(a)(4)(A) by their refusal to provide Plaintiff access to Y.N.'s records.

33. Defendants refused to provide Plaintiff access to Y.N.'s records, even though she is an individual with a mental illness who has a legal guardian; Plaintiff received a complaint from her regarding her placement at Defendant Liberty Nursing Center of Toledo; Plaintiff attempted to contact the Guardian on three (3) separate occasions and offered to resolve the situation; and the Guardian has failed or refused to act on behalf of Y.N.

34. Defendants have therefore violated 42 U.S.C. §§ 10805(a)(4)(C) by their refusal to provide Plaintiff access to Y.N.'s records.

## SECOND CAUSE OF ACTION
## OHIO REVISED CODE 5123.60

35. Plaintiff incorporates paragraphs 1 through 34 of this Complaint in this paragraph as if rewritten herein.

36. Under R.C. 5123.60(E)(5), Plaintiff has access to records of a community residential facility pertaining to an individual when he or she consents, including when he or she has been adjudicated as incompetent.

37. Defendant Liberty Nursing Center of Toledo is a community residential facility within the meaning of R.C. 5123.60(E).

38. Defendant Kim Dunlap is the administrator of Defendant Liberty Nursing Center of Toledo, a community residential facility within the meaning of R.C. 5123.60(E).

39. Defendants refused to provide Plaintiff access to Y.N.'s records, despite her consent, and have therefore violated R.C. 5123.60(E)(5).

## NEED FOR RELIEF

40. Plaintiff has no remedy at law and will continue to suffer irreparable harm in the absence of injunctive relief.  Without the requested relief, Plaintiff is unable to carry out its state and federal statutory duties to investigate complaints made by its clients.

41. Time is of the essence because of Y.N.'s reported critical medical condition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

42. Assume jurisdiction over this matter.

43. Issue a declaratory judgment that Plaintiff is entitled to the records it seeks under 42

44. Issue a declaratory judgment that Plaintiff is entitled to the records it seeks under R.C. 5123.60(E)(5) and that Defendants have violated R.C. 5123.60(E)(5) by their refusal to provide Plaintiff access to such records.

45. Issue an injunction enjoining Defendants from denying Plaintiff access to all of Y.N.'s records in accordance with 42 U.S.C. § 10805(a)(4)(A)&(C) and R.C. 5123.60(E)(5).

46. Issue such temporary or preliminary relief as requested by Plaintiff in the course of these proceedings to prevent irreparable harm from occurring to it.

47. Provide such other relief as is just and equitable.

Respectfully submitted,

/s/ Susan G. Tobin
Susan G. Tobin (0021725)
Chief Legal Counsel
Ohio Legal Rights Service
50 W. Broad St., Suite 1400
Columbus, OH 43215
(614) 466-7264, ext. 132
(614) 644-1888 – fax
stobin@olrs.state.oh.us